## In re WILLIAMSPORT WIRE ROPE CO.
### No. 8881.

District Court, M. D. Pennsylvania.
April 12, 1935.

John G. Candor, of Williamsport, Pa., and H. Orvel Sebring, Jr., and W. James MacIntosh, both of Philadelphia, Pa., for petitioner.

Welles, Mumford & Stark, of Scranton, Pa., and Shearman & Sterling, of New York City, for Committee acting under Bondholders Protective Agreement.

Cravath, deGersdorff, Swaine & Wood, of New York City, for Bethlehem Steel Corporation.

JOHNSON, District Judge.

On November 5, 1934, the Williamsport Wire Rope Company filed a petition for reorganization under section 77B of the Bankruptcy Act (11 USCA § 207), to which objections were filed on the ground that the petition was not filed in good faith.

The Williamsport Wire Rope Company is now conducted by receivers in equity appointed September 16, 1932. A bondholders' protective committee, formed for the purpose of protecting the interests of the holders of Williamsport Wire Rope bonds, secured from Bethlehem Steel Corporation an offer to acquire the properties of the Williamsport Wire Rope Company by purchasing the $1,221,000 principal amount of outstanding bonds for $854,700 ($700 cash for each $1,000 principal amount of bond), and paying $560,279.19 in satisfaction of $1,298,565.78 of indebtedness, or about $0.43 on the dollar. The bondholders' protective committee accepted the offer of Bethlehem Steel Corporation, formulated a reorganization plan based on the Bethlehem offer, and on petition this court took jurisdiction over the proposed reorganization in equity. The committee secured assents from most of the bondholders and creditors to its reorganization plan and transferred the bonds in its possession to Bethlehem in return for $700 cash for each $1,000 principal amount of bond, which was distributed among the assenting bondholders.

Upon presentation of the petition under 77B, both the bondholders' protective committee and the Bethlehem Steel Corporation filed objections to the petition and prayed that it be dismissed. The objections are based on the ground that the petition was not filed in good faith within the meaning of section 77B, because the petitioner cannot and has no reasonable hope of obtaining acceptance of its plan in the amount required by 77B; because the proposed plan under 77B, if not accepted by the requisite number of bondholders and creditors, cannot be confirmed, since it contains no adequate provisions for the protection of nonassenting bondholders and creditors; because the proposed plan under 77B discriminates unfairly in favor of stockholders and is not feasible; because the petition was filed for the purpose of delaying a plan of reorganization accepted by an overwhelming majority of bondholders and creditors.

Numerous and extended hearings on the objections to the petition were held, much testimony was taken, oral arguments were heard, and written briefs filed with the court. Both the proposed plan under 77B and the committee plan embodying the Bethlehem offer were introduced in evidence.

The balance sheet attached to the receivers' report of the Williamsport Wire Rope Company for the period ending December 31, 1934, shows that there are quick assets of approximately $1,677,498.64, which include an item of $512,288.26 cash on deposit. The balance sheet shows that the land, buildings, machinery, and equipment are valued approximately at $2,774,183.91, making the assets roughly well over $4,000,000, exclusive of good will. The indebtedness, not including capital stock, is approximately $2,600,000. It appears, therefore, that there is an equity in favor of stockholders. In view of this equity, any plan of reorganization that does not adequately provide for the stockholders should not be acceptable.

Upon careful consideration of the reorganization plan proposed by the debtor corporation, it appears that the fixed charges will be materially increased rather than decreased, thereby increasing the burden of making sufficient earnings to meet fixed charges, future capital requirements, and future dangers of financial and commercial stress. The present plan is inadequate and does not give sufficient protection to the interests of the various parties. The present plan is not feasible and petitioner has not shown that it can obtain acceptances to it in the amount required by section 77B.

The present receivership in equity has been and is making progress. This court is not averse to reorganization, yet it is not disposed to terminate the receivership in equity and place the Williamsport Wire Rope Company in the hands of trustees under section 77B until there is at hand an adequate offer, based on a feasible, practicable, and acceptable plan which will result in a fairly speedy reorganization with likelihood of success and which will adequately protect all the investors and creditors as their relative interests merit.

The court is of the opinion that it will result in confusion and uncertainty of policy to terminate the equity receivership and place the Williamsport Wire Rope Company in the hands of trustees under section 77B based only on the present company plan which is not adequate, feasible, or acceptable.

Detailed requests for findings of fact and conclusions of law have been submitted. They are answered and filed herewith and made a part of this opinion.

For the reasons above stated, the court is of the opinion that the petition for reorganization under section 77B was not filed in good faith and should be dismissed.

And now, April 12, 1935, it is hereby ordered that the petition for reorganization under section 77B of the Bankruptcy Act be and the same hereby is dismissed.